# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORLANDO RODRIGUEZ ) <br>     Plaintiff ) <br> ) <br> vs. ) <br> ) <br> MS. SENCHAK, et al. ) <br>     Defendants. ) | C.A. No. 07-341Erie <br> District Judge McLaughlin <br> Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

For the foregoing reasons, it is respectfully recommended that Defendants' motion for summary judgment [Document # 23] be granted. The Clerk of Courts should be directed to close this case.

**II. REPORT**

    **A. Relevant Factual and Procedural History**

Plaintiff, acting *pro se*, brought this civil rights action under 42 U.S.C. § 1983. Plaintiff alleges that Defendants violated his constitutional rights under the Eighth and Fourteenth Amendments during his incarceration at SCI-Albion. Named as Defendants are: Ms. Senchak; Sgt. Deforce; and Nurse Christine Zirkle, all employees of SCI-Albion. Plaintiff seeks monetary relief. Document # 3.

Plaintiff was violently attacked by his cellmate Reginald West on March 1, 2006. Plaintiff alleges that Defendants Senchak and Deforce failed to protect him from this assault, and that he received inadequate medical care from Defendant Zirkle following the incident.

1

Further, Plaintiff alleges generally that Defendants violated his rights to equal protection.

Defendants have filed a motion for summary judgment. Document # 23. Despite being given the opportunity to do so, Plaintiff has not filed an Opposition Brief. The motion is ripe for disposition by this Court.

### B. Standards of Review

#### 1. *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

#### 2. Motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader

is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, ___ 127 S.Ct. 2197, 2200 (2007); Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at ___, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at ___, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This does not impose a probability requirement at the pleading stage,

but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 232 quoting Twombly, 550 U.S. at ___, 127 S.Ct. at 1965 n.3.

### 3. Motion for summary judgment pursuant to Rule 56

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Company, 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Company v. Zenith Radio Corp., 475 U.S. 574

(1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Company of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

### C. The Failure to Protect Claim

Plaintiff claims that Defendants Senchak and Deforce failed to protect him from the assault by Inmate West.

The Eighth Amendment affords an inmate a right to be protected from violence inflicted by other inmates. Wilson v. Seiter, 501 U.S. 294, 303 (1991); Riley v. Jeffes, 777 F.2d 143 (3d Cir. 1985). The Eighth Amendment prohibition against cruel and unusual punishment requires that prison officials "are under an obligation to take reasonable measures to guarantee the safety of the inmates." Hudson v. Palmer, 468 U.S. 517, 526-27 (1984). In particular, "[p]rison officials have a duty ... to protect prisoners from violence at the hands of other prisoners."

5

Farmer v. Brennan, 511 U.S. 825, 833 (1994)(citation omitted); Day v. Federal Bureau of Prisons, 233 Fed. Appx. 132, at *133 (3d Cir. 2007). In Riley, the United States Court of Appeals for the Third Circuit recognized that "when prison officials have failed to control or separate prisoners who endanger the physical safety of other prisoners and the level of violence becomes so high ... it constitutes cruel and unusual punishment." Riley, 777 F.2d at 145. While "[i]t is not ... every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for a victim's safety," "[b]eing violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" Farmer, 511 U.S. at 834 quoting Rhodes v. Chapman, 452 U.S. 337, 345 (1981).

For an inmate to prevail on an Eighth Amendment failure-to- protect claim, two requirements must be met. First, the prisoner must demonstrate "that he is incarcerated under conditions posing a substantial risk of serious harm." Farmer, 511 U.S. at 834. This element is satisfied when the alleged "punishment" is "objectively sufficiently serious." Id. Second, the prison officials involved must have a sufficiently culpable state of mind. Id. at 838 ("[O]ur cases mandate inquiry into a prison official's state of mind when it is claimed that the official has inflicted cruel and unusual punishment."). Specifically, the inmate must show that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference." Id. The Third Circuit has instructed:

> the knowledge element of deliberate indifference is subjective, not objective knowledge, meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware. However, subjective knowledge on the part of the official can be proved by circumstantial evidence to the effect that the excessive risk was so obvious that the official must have known of the risk. Finally, a defendant can rebut a prima facie demonstration of deliberate indifference either by establishing that he did not have the requisite level of knowledge or awareness of the risk, or that, although he did know of the risk, he took reasonable steps to prevent the harm from occurring.

6

Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001) (explaining the precepts taken from Farmer and Hamilton v. Leavy, 117 F.3d 742 (3d Cir. 1997)).

Because Defendants concede that "the severity of Plaintiff's injuries is sufficient for prong-one purposes" (document # 25, page 5), the legal analysis in this case depends completely upon the state of mind of Defendants Senchak and Deforce.

### 1) Defendant Senchak

In his complaint, Plaintiff alleges that he spoke directly to Defendant Senchak on February 23 and 24, 2006 concerning problems with West, and that he wrote a request slip to her on February 25th complaining about West. Plaintiff alleges he was called to Senchak's office and that he explained to her that the problems with West were "serious" and had almost escalated into physical violence on more than one occasion. Plaintiff alleges that he requested a move to another cell for his own safety, but the Senchak denied the request. Plaintiff alleges he again approached Senchak on February 27th pleading for help and expressing his urgent need to be moved, but Senchak did nothing to help him. Plaintiff was attacked by West on March 1, 2006. Document # 3.

Defendant Senchak argues that she did not have the requisite knowledge to satisfy the second prong of an Eighth Amendment claim. In support of the motion for summary judgment, Defendants have provided evidence in support of their arguments. In her sworn Declaration, Defendant Senchak denies that Plaintiff ever told her West had threatened him or that Plaintiff was afraid of West. Plaintiff only communicated to her that he and West were not getting along as well as they once had. Defendant Senchak denies ever receiving a request slip regarding Plaintiff's roommate issues and Defendant Senchak swears that she did not know Plaintiff was in danger from West and had no reason to believe so based upon her experience with both West and Plaintiff. Document # 24-2, Declaration of Susan Senchak, Unit Manager, SCI-Albion.

Plaintiff has not provided evidence to the contrary and, indeed, has not filed any

opposition to the pending dispositive motion. In the face of a supported motion for summary judgment, Plaintiff must do so in order to save his case. See Fed.R.Civ.P. 56(e) (providing that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.").

Accordingly, the motion for summary judgment should be granted as against Defendant Senchak.

### 2) Defendant Deforce

Plaintiff alleges that he talked with Defendant Deforce on February 27th and 28th regarding the seriousness of arguments he was having with his cellmate. Plaintiff alleges that Defendant Deforce told Plaintiff there was nothing he could do, but that Plaintiff should speak to Senchak. Plaintiff further alleges that when he attempted to slide a request slip under Senchak's door, Defendant Deforce yelled at him to get away from her door. At that time, Plaintiff reiterated his continuing problems with Inmate West and told him that West was trying to blowup up his TV. Defendant Deforce came to the cell and confiscated the TV, but "flat out denied me help and/or protection from West as I had repeatedly requested." Document # 3.

Defendant Deforce argues that he did not have the requisite knowledge to satisfy the second prong of an Eighth Amendment claim. In his sworn Declaration, Defendant Deforce acknowledges that Plaintiff contacted him on February 28th complaining that Inmate West was "messing with" Plaintiff's television. Defendant Deforce investigated the complaint, found that a piece of ruler was broken off in the television, and confiscated the television. Defendant Deforce claims that Plaintiff did not mention any other issues with Inmate West, did not indicate that West had threatened him or that he was fearful of West. Further, Defendant Deforce

declares that Plaintiff did not request protective lockup. Document # 24-2, Declaration of Murray Deforce, Correctional Officer, SCI-Albion.

Again, Plaintiff has not provided evidence to the contrary and accordingly, the motion for summary judgment should be granted as against Defendant Deforce.

### D. Eighth Amendment – Medical Treatment

Next, Plaintiff alleges that Defendant Zirkle provided him with inadequate medical care and treatment following the assault. More specifically, Plaintiff complains that:

> On March 1, 2006, while the Plaintiff was being evaluated by the medical staff it was determined that the plaintiff needed "immediate" outside medical treatment from a hospital able to handle this type [sic] wound on ones [sic] face and because of the shortage of the correct size of medical thread to be used on ones [sic] face where Ms. Christine Zirkle, RNS "immediately" overruled her staff's evaluation and ordered them to use whatever medical thread was available regardless of the sizes. Ms. Zirkle states, "this inmate is not going to an outside hospital, for what ... to make me look incompetent that I am unable to properly run my dept., I don't think so."

Document # 3. Further, Plaintiff alleges that because of Zirkle's denial of outside medical attention, several different kinds and sizes of thread were used to stitch the laceration on his face, his cut leaked fluid and blood for several months, and he has been left with an unsightly scar. Id.

In the medical context, a constitutional violation under the Eighth Amendment occurs only when state officials are deliberately indifferent to serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). Here too, the standard is two-pronged, "[i]t requires deliberate indifference on the part of prison officials and it requires that the prisoner's medical needs be serious." West v. Keve, 571 F.2d 158, 161 (3d Cir. 1978).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correction Institute Inmates v. Lanzaro, 834 F.2d 326,

9

347 (3d Cir. 1987). A serious medical need may also be found to exist where the denial or delay of treatment results in "unnecessary and wanton infliction of pain." Id. Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S at 104. Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury" White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990). Mere misdiagnosis or negligent treatment is not actionable under §1983 as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106. "Neglect, carelessness or malpractice is more properly the subject of a tort action in the state courts." Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1081 (3d Cir. 1976).

In support of the motion for summary judgment, Defendants have produced evidence that Defendant Zirkle did not examine or treat Plaintiff in March of 2006 and that no medical professional recommended that he receive outside medical treatment. Document #24-4, pages 21-23, Declaration of Christine Zirkle, Registered Nurse Supervisor, SCI-Albion; pages 24-26, Declaration of Tammy Mowry, Physician's Assistant, SCI-Albion. Others treated Plaintiff's injuries and Defendant Zirkle did not learn about the incident until she responded to a grievance that Plaintiff filed complaining about his medical care. Id.

Because Plaintiff has provided no evidence to the contrary, the motion for summary judgment should be granted as to Defendant Zirkle.

### E.     The Equal Protection Claim

Plaintiff generally alleges, without explanation, that his right to equal protection has been violated.

The Equal Protection Clause provides that no state shall "deny to any person ... the equal protection of its laws." U.S. Const. Amend. XIV, §1. All persons "similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985); Artway v. New Jersey, 81 F.3d 135, 1267 (3d Cir. 1996). "Treatment of dissimilarly situated persons in a dissimilar manner by the government does not violate the Equal Protection Clause." Klinger v. Department of Corrections, 31 F.3d 727, 731 (8th Cir. 1994).

As a threshold matter, in order to establish an equal protection violation, the plaintiff must "...demonstrate that [he has] been treated differently by a state actor than others who are similarly situated simply because [he] belongs to a particular protected class." Keevan v. Smith, 100 F.3d 644, 648 (8th Cir. 1996).

Even liberally construing the allegations of the *pro se* complaint, as we must under Haines v. Kerner (404 U.S. 519) and its progeny, Plaintiff has not identified any facts which rise to the level of a constitutional violation of his equal protection rights. Specifically, Plaintiff has not identified himself as being part of any protected class and has not identified how he has been treated dissimilarly from others who are similarly situated. Because Plaintiff has failed to state a claim upon which relief may be granted in this regard, the equal protection claim should be dismissed.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that that Defendants' motion for summary judgment [Document # 23] be granted. The Clerk of Courts should be directed to close this case.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Failure to timely file objections may constitute a waiver of appellate

rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

                                      <u>Susan Paradise Baxter</u>
                                      SUSAN PARADISE BAXTER
                                      Chief United States Magistrate Judge

Dated: February 18, 2009

<mark>12</mark>